1

2

3

4

5

6

7                        **UNITED STATES DISTRICT COURT**

8                        **CENTRAL DISTRICT OF CALIFORNIA**

9

10    ORLANDO GARCIA,                    )    Case No. CV 20-10700 FMO (JCx)
                                         )
11                   Plaintiff,          )
                                         )
12          v.                           )    **ORDER DISMISSING ACTION WITHOUT**
                                         )    **PREJUDICE**
13    CAMDEN JOONZ, LLC, et al.,         )
                                         )
14                                       )
                                         )
15                   Defendants.         )
                                         )
16

17         On December 10, 2020, the court issued its Standing Order Re: ADA Accessibility Cases

18    (see Dkt. 9, Court's Order of December 10, 2020), which ordered plaintiff to file a motion for

19    default judgment no later than seven calendar days after default is entered by the Clerk.  (Id. at

20    3).  The court admonished plaintiff that "failure to file a motion for default judgment within seven

21    [] days of entry of default by the Clerk shall result in the dismissal of (1) the action and/or (2) the

22    defendant against whom the motion for default judgment should have been filed."  (Id. at 3-4)

23    (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388

24    (1962)).

25         Here, defendant Camden Joonz, LLC ("defendant" or "Camden Joonz"), the sole remaining

26    defendant, was served with the summons and complaint on December 28, 2020, by substituted

27    service.  (See Dkt. 12, Proof of Service [as to Camden Joonz]).  Accordingly, defendant's

28    responsive pleading to the Complaint was due no later than January 28, 2021.  Fed. R. Civ. P.

1   12(a).  Defendant did not answer the Complaint by this date, and on January 29, 2021, plaintiff

2   filed a Request for Entry of Default as to defendant.  (See Dkt. 17, Request for Entry of Default

3   [as to Camden Joonz] ("Request")).  The clerk granted this Request on February 1, 2021.  (See

4   Dkt. 18, Default by Clerk [as to Camden Joonz]). Plaintiffs were required to file a Motion for Default

5   Judgment by February 8, 2021, (see Dkt. 9, Court's Order of December 10, 2020, at 3), but no

6   such motion has been filed as of the date of this Order.[1]  (See, generally, Dkt.).

7       A district court may dismiss an action for failure to prosecute or to comply with court orders.

8   Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure

9   to prosecute necessary to avoid undue delay in disposing of cases and congestion in court

10   calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss

11   action for failure to comply with any court order).  Dismissal, however, is a severe penalty and

12   should be imposed only after consideration of the relevant factors in favor of and against this

13   extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).

14   These factors include:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's

15   need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

16   of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."

17   Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see

18   Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text,

19   a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to

20   comply.").  "Although it is preferred, it is not required that the district court make explicit findings

21   in order to show that it has considered these factors and [the Ninth Circuit] may review the record

22   independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at

23   1261.

24

25   [1]   On February 8, 2021, plaintiff filed a notice of provisional settlement, which was stricken by
     the court on February 8, 2021.  (See Dkt. 22, Court's Order of February 9, 2021).  In its order
26   striking the provisional notice of settlement, the court again admonished the parties that "[f]ailure
     to comply with all case deadlines and the orders issued by the court in this case shall result in the
27   imposition of sanctions, including but not limited to, the dismissal of the action for failure to comply
     with any applicable rules and/or court orders."  (Dkt. 22, Court's Order of February 9, 2021) (citing
28   Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388)).

1       Having considered the <u>Pagtalunan</u> factors, the court is persuaded that this action should

2 be dismissed for failure to comply with a court order and failure to prosecute.  Plaintiff's failure to

3 file the motion to default judgment hinders the court's ability to move this case toward disposition

4 and indicates that plaintiff does not intend to litigate this action.  In other words, plaintiff's

5 "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to

6 control the pace of the docket rather than the Court." <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990

7 (9th Cir. 1999) (internal quotation marks omitted).  Further, plaintiff was warned that failure to file

8 a motion for default judgment would result in a dismissal of the action for lack of prosecution and

9 failure to comply with a court order.  (<u>See</u> Dkt. 9, Court's Order of December 10, 2020, at 3-4); <u>see</u>

10 <u>also</u> <u>Ferdik</u>, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the

11 court's order will result in dismissal can satisfy the consideration of alternatives requirement.")

12 (internal quotation marks omitted).  Thus, having considered the <u>Pagtalunan</u> factors, the court is

13 persuaded that the instant action should be dismissed for failure to comply with a court order and

14 failure to prosecute.

15       Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action,

16 without prejudice, for failure to prosecute and comply with the orders of the court.

17 Dated this 12th day of February, 2021.

18                           /s/
                          Fernando M. Olguin
                     United States District Judge

19

20

21

22

23

24

25

26

27

28